THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LINO DE JESÚS, Defendant and Appellant.

No. 8139.   Argued July 15, 1940.—Decided July 19, 1940.

The defendant appeared on his own behalf. *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The District Attorney of San Juan filed, on May 22, 1939, two informations against Lino De Jesús: one for murder committed on the person of Petra Méndez Rodríguez on May 12, 1939, in the Municipality of San Juan, and another for carrying a revolver, a prohibited weapon, at the place and on the date above stated.

After the trial for murder was held before a jury, the latter found the defendant guilty of the offense charged, in the second degree. The court, by its judgment rendered on January 30, 1940, sentenced him to twenty years' imprisonment in the penitentiary at hard labor.

The case of carrying a weapon was submitted to the court on the evidence introduced in the murder case. The court considered said evidence as sufficient and rendered judgment finding the defendant guilty and sentencing him to six months in jail.

The defendant appealed in both cases. The transcript of the record was sent up to this court and the appellant personally filed his brief, which the prosecuting attorney answered. The hearing of the appeal was held on the 15th of the present July.

Regarding the murder case, the appellant maintains that the verdict is contrary to the evidence, that his constitutional rights were violated, that he asked for a trial before the court and the trial was held before a jury, and that the court erred in sentencing him and in denying his motion for a new trial.

Let us examine the first assignment of error. The evidence for the prosecution tended to show that on May 12, 1939, at about 9 o'clock in the evening, in front of the Abarca foundry, in Santurce, Petra Méndez Rodríguez and Jovita Córdova accompanied by two friends, were walking in the direction of the airport, and that the defendant fol-

lowed them and without there being any exchange of words, he fired his revolver from behind and wounded Petra, who died in consequence of the wound, Dr. Martínez Alvarez, who made the post mortem examination of her body, finding the bullet located in the brain. It tended to show further that Petra had been living in concubinage with the defendant and had several quarrels with him, the last of which occurred on the morning of the said day, May 12, 1939.

The evidence of the defendant which consisted of his own testimony tended to show that on the night in question he was with another woman, that Petra Méndez came near them and began to insult them and assaulted his companion over the defendant who moved back and upon stepping on a barrel hoop he fell to the ground. He then took out his revolver and fired in order to scare her but without any intention to wound her.

The jury received the proper instructions and believed the evidence of the prosecution finding the defendant guilty of murder in the second degree. There is nothing to show that they acted under the influence of passion, prejudice, or partiality or that they committed any error. Their verdict was fully supported by the evidence to which they gave credit. There was no error.

The violation of the constitutional right which is assigned as an error, is based on the claim that the defendant did not have the assistance of legal counsel that the Constitution guarantees to him, as he was entitled not only to be defended by an attorney appointed by the court, but also to have the appointment made in favor of an attorney selected by him.

Of course, any defendant has the right to be represented by an attorney chosen by him and who accompanied him. But if he comes before the court without an attorney, the court complies with the law when it appoints an attorney who advices him and conducts his defense.

Moreover, the record fails to show that the defendant in this case made the slightest objection to the attorney who was appointed by the court upon his arraignment. What the record shows is as follows:

On his arraignment the defendant appeared "in person and assisted by his attorney appointed by the court (*de oficio*), Justo A. Casablanca, Esq."

Then, at the trial, the defendant appeared "in person and assisted by his attorneys, Messrs. Antonio J. Amadeo and Ciro Malatrasi."

Lastly, at the hearing of the motion for a new trial said defendant was represented "by his attorney, Santana Becerra, Esq."

Therefore, the second assignment of error finds no support in the record. Similarly as to the third assignment which is grounded on the claim that the defendant asked to be tried by the court and he was tried by a jury since all that appears from the record is that the defendant upon his arraignment, pleaded not guilty and asked for a jury trial."

■ In support of the fifth assignment of error, that is, the one in which the penalty imposed by the court is complained of, it is urged by the defendant that his attorney had offered him that if he pleaded guilty he would be sentenced to ten years' imprisonment in the penitentiary which the court refused.

In the first place, if such a promise existed, neither the attorney had power to make it nor the court was bound by it in any way. Besides, the defendant did not plead guilty. He was tried upon the evidence introduced, and the penalty imposed upon him by the trial judge was authorized by law.

The last error assigned relates to the motion for a new trial which was not even made a part of the transcript.

■ Regarding the appeal in the case of carrying a weapon, although the brief suggests at the beginning that the case is covered by it, no argument appears in that document in support of said appeal. After an examination of the

record, from the evidence for the prosecution as well as that for the defense it appears that the prohibited weapon was carried by the defendant.

Therefore, both appeals are without merit and the judgments appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.